UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of                                                                                          101 West Lombard Street
**George L. Russell, III**                                                                      Baltimore, Maryland 21201
United States District Judge                                                                              410-962-4055

July 26, 2013

MEMORANDUM TO COUNSEL RE:     Janet E. Byington (Kennedy) v. NBRS Financial Bank
                                                            Civil Action No. GLR-12-705

Dear Counsel:

       Pending before the Court is Defendant NBRS Financial Bank's ("NBRS") Motion for Summary Judgment. (ECF No. 26). The Court, having reviewed the pleadings and supporting documents, finds no hearing necessary pursuant to Local Rule 105.6 (D.Md. 2011). For reasons outlined in detail below, NBRS' Motion will be granted based upon Byington's failure to demonstrate any genuine issues of material fact for trial.

       From January 1981 until February 2009, NBRS employed Plaintiff Janet E. Byington (Kennedy) in various capacities. (Compl. ¶¶ 3-4). At the time of her termination, Byington held the position of Customer Service Representative at NBRS' Havre de Grace branch. (Compl. ¶¶ 4-5). During her tenure at NBRS, Byington concurrently served as the primary caregiver of her son who, at age three months, was diagnosed with cerebral palsy and declared blind. (Compl. ¶ 6). Byington served in this concurrent position from July 1984 until her son's passing in November 2010. (Id.) Byington's role as the primary caregiver for her son required that she utilize a substantial amount of leave. In 2008, the time period relevant to this action, Byington used 296 hours of paid leave (24 hours of which were borrowed from 2009), 32 hours of short term disability, and 16 hours of leave under the Family Medical Leave Act ("FMLA"). (Def.'s Mot. Summ. J. ["Def.'s Mot."] Ex. 4, ECF No. 26-6; Byington Dep. 94:6-96:7, May 9, 2013, ECF No. 26-7). Despite using this leave, NBRS never denied Byington's leave requests. (Byington Dep. 96:8-10, 141:18-21). Moreover, Byington received an "above average" rating on her annual performance evaluation, which resulted in a salary increase. (Def.'s Mot. Exs. 10-11).

       On February 13, 2009, Byington wrote a check in the amount of $425 from the NBRS bank account she shared with her son and immediately deposited it into a separate account that Byington also owned. (Def.'s Mot. Ex. 17, at 4; see also Ex. 18). The $425 was immediately credited to Byington's account. At the time she wrote the check, however, the account Byington shared with her son only had a balance of thirteen cents. (Def.'s Mot. Ex. 17, at 4; Ex. 21). Byington facilitated the transaction by asking the Head Teller, Lisa Simon, to complete it for her. (Byington Dep. 41:9-45:9; Simon Dep. 25:6-14, May 7, 2013, ECF No. 26-21). Because Byington's position was above Simon's, however, Byington had to use her personal code to override the transaction. (Byington Dep. 45:20-48:5; Simon Dep. 25:14-26:3). When NBRS discovered the transaction on February 26, 2009, it conducted an investigation into the matter and determined that Byington violated several company policies. (Def.'s Mot. Ex. 17, at 4-6). NBRS terminated Byington's employment the next day on the basis of check kiting. (Id. at 6; Compl. ¶ 15). Byington maintained that her transaction constituted a proper use of NBRS' overdraft policy and that NBRS terminated her for the leave she utilized to care for her son. (Compl. ¶ 15; Byington Dep. 133:16-20).

On June 25, 2009, Byington filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of associative disability and retaliation. (Compl. Ex. 1, at 2). The EEOC issued Byington a Right to Sue letter on December 7, 2011. (Id. Ex. 2). On February 6, 2012, Byington filed the pending action in the Circuit Court for Cecil County, Maryland, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq. (2012); the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq. (2012); the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq. (2012); and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et seq. (2012); as well as various tort claims. On March 6, 2012, NBRS removed the action to this Court and filed a Motion for Partial Dismissal or, in the alternative, for Partial Summary Judgment. (ECF Nos. 5-6). The Court granted NBRS' Motion for Partial Dismissal on October 10, 2012, which resulted in the dismissal of Byington's ADEA and tort claims, as well as any ADA claims that preceded August 2008. (ECF Nos. 12-13). NBRS now moves for summary judgment on the remaining claims, which consists of the portion of Byington's ADA claim that covers August 2008 through February 2009, and her FMLA claim.

Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). Rule 56(c) requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

NBRS avers that Byington's ADA claim must fail because the actions she cites in support of the claim are either susceptible to dismissal for lack of subject matter jurisdiction, based on speculation, related to Byington's past use of leave, fail to identify similarly situated comparators, and fail to establish pretext. Moreover, as to the FMLA claim, NBRS avers that Byington failed to state a prima facie case of retaliatory treatment, due to her inability to satisfy the causal element, and that she failed to establish pretext. In her Opposition, Byington only addresses NBRS' pretext arguments. Byington's approach is mystifying given her need to establish a prima facie case under the ADA and FMLA before the Court can even address the pretext issue. Byington's conclusory statement that she "can establish that she was subject to harsher evaluation, to harsher standards, that no investigation of the basis for her termination occurred prior to her termination, . . . and the 'proferred non-discriminatory reason' is . . . merely a pretext" (Pl.'s Opp'n to Def.'s Mot. Summ. J. at 3, ECF No. 29) is insufficient. Rule 56 requires non-movants to identify specific facts in the record that show there is a genuine dispute for trial. Fed.R.Civ.P. 56(c)(1); see also Matsushita, 475 U.S. at 587. Byington has failed to make such a showing. Indeed, Byington's failure to address NBRS' arguments regarding the sufficiency of her ADA and FMLA claims in opposition to a motion for summary judgment constitute an abandonment of both claims. See Mentch v. E. Sav. Bank, FSB, 949 F.Supp. 1236, 1247 (D.Md. 1997). Notwithstanding Byington's abandonment, the Court finds that Byington cannot establish a prima face case under either statute based upon the record in this matter.

As to the ADA claim, Byington alleges that NBRS intentionally discriminated against her based on her associative disability by subjecting her to harsher evaluations, issuing written letters and verbal admonitions, and failing to fire Simon for her participation in the check kiting incident. Byington further avers that NBRS terminated her for using leave to care for her son. The ADA "prohibits employers from taking adverse employment action because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." Tyndall v. Nat'l Educ. Ctrs., Inc. of Cal., 31 F.3d 209, 214 (4th Cir. 1994) (citation and internal quotation marks omitted). As a preliminary matter, Byington's claims of harsher evaluations are not supported by the record which shows Byington has received an "above average" rating since 2006 and that her work has been commended. (Def.'s Mot. Ex. 24). The record is also void of any genuine issues of material fact as to whether the alleged written letters and verbal admonitions were motivated by Byington's association with her son. (See, e.g., Byington Dep. 70:4-75:7, 80:4-14). Furthermore, as to the termination, any action based upon Byington's past use of leave does not constitute discrimination based upon Byington's associative disability. See Tyndall, 31 F.3d at 214.

Similarly, Byington's FMLA retaliation claim struggles to present causal connection between Byington's use of leave in August 2008 and her termination. When temporal proximity is the sole basis of establishing the requisite causal connection in a FMLA retaliation claim, a substantial lapse in time between the protected activity and termination belies any inference of a causal connection between the two. See Pascual v. Lowe's Home Ctrs., Inc., 193 F.App'x 229, 233 (4th Cir. 2006). Here, six months elapsed between Byington's FMLA leave and her termination. Moreover, Byington only used sixteen hours of FMLA leave, which is miniscule compared to the 300 plus hours of paid and unpaid leave she used by December 2008. Byington also received an above average rating on her performance evaluation after the FMLA request, which resulted in a pay increase, and acknowledged that NBRS always granted her leave requests notwithstanding the amount of leave she expended. NBRS also employed Byington for twenty-five years while she cared for her son. These actions do not support an inference of termination based upon Byington's use of sixteen hours of FMLA leave. See Moticka v. Weck Closure Sys., 183 F.App'x 343, 353 (4th Cir. 2006) ("[T]the inference of retaliatory motive is undercut . . . by the favorable treatment [plaintiff] received from July 2000 until her termination.").

Accordingly, NBRS' Motion for Summary Judgment (ECF No. 26) is GRANTED. Judgment is entered in favor of NBRS against Byington. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is DIRECTED to docket it accordingly. The Clerk is also DIRECTED to CLOSE this case.

Very truly yours,

_____/s/_____
George L. Russell, III
United States District Judge
